UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CAROLE L. CRAWFORD** | **CIVIL ACTION** |
| **VERSUS** | **NO. 15-6961** |
| **JAMES ROGERS, WARDEN** | **SECTION "G"(4)** |

**REPORT AND RECOMMENDATION**

This matter was referred to a United States Magistrate Judge to conduct hearings, including an evidentiary hearing if necessary, and to submit proposed findings and recommendations pursuant to **28 U.S.C. § 636(b)(1)(B) and (C)**, and as applicable, **Rule 8(b) of the Rules Governing Section 2254 Cases**. Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing. *See* 28 U.S.C. § 2254(e)(2) (2006).[1]

## I.   Factual Background

The petitioner, Carole L. Crawford ("Crawford"), is a convicted inmate incarcerated in the Louisiana Correctional Institute for Women in St. Gabriel, Louisiana.[2] On June 10, 2011, Crawford and a co-defendant, Waune D. O'Connor, were charged by Bill of Information in Orleans Parish with distribution of cocaine.[3] On November 10, 2011, O'Connor entered a plea of guilty and was eventually sentenced on January 5, 2012, to serve ten years in prison.[4]

---

[1] Under 28 U.S.C. § 2254(e)(2), an evidentiary hearing is held only when the petitioner shows that either the claim relies on a new, retroactive rule of constitutional law that was previously unavailable or a factual basis that could not have been previously discovered by the exercise of due diligence and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner.

[2] Rec. Doc. No. 3.

[3] St. Rec. Vol. 1 of 2, Bill of Information, 6/10/11.

[4] St. Rec. Vol. 1 of 2, Minute Entry, 11/10/11; Sentencing Minutes, 1/5/12.

In the meantime, on December 7, 2011, Crawford pursuant to a plea agreement entered a plea of guilty to the amended charge of attempted distribution of cocaine.[5]  The Trial Court sentenced her to serve ten years at hard labor.  At the same hearing, the State filed a multiple offender bill charging Crawford as a second felony offender.[6]  Crawford entered a plea of guilty to the multiple bill, and the Court vacated the initial sentence and resentenced her as a second offender to serve ten years at hard labor.[7]

Crawford's conviction and sentence became final thirty (30) days later, January 6, 2012, because she did not seek reconsideration of her sentence or seek leave to appeal.  La. Code Crim. P. art. 914;[8] *Butler v. Cain*, 533 F.3d 314, 317 (5th Cir. 2008) ("a conviction becomes final when the time for seeking further direct review in the state court expires.") (quoting *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003)).

About eighteen months later, on July 8, 2013, Crawford signed and submitted to the state trial court an application for post-conviction relief in which she asserted the following grounds for relief:[9] (1) the state trial court erred by adjudicating her to be a second offender because her prior theft conviction was not final and still pending on appeal; (2) the sentence imposed was

---

[5]St. Rec. Vol. 1 of 2, Plea Minutes, 12/7/11; *see also*, Bill of Information, (handwritten amendment dated 12/7/11); Waiver of Constitutional Rights Plea of Guilty Form, 12/7/11.

[6]St. Rec. Vol. 1 of 2, Plea Minutes, 12/7/11; Multiple Bill, 12/7/11.

[7]*Id*.; St. Rec. Vol. 1 of 2, Waiver of Constitutional Rights Plea of Guilty Multiple Offender, 12/7/11.

[8]Louisiana law requires a criminal defendant to move for leave to appeal within thirty (30) days of the order or judgment that was being appealed or of a ruling on a timely motion to reconsider a sentence. La. Code Crim. P. art. 914 (as amended La. Acts 2003, No. 949, § 1).  A motion to reconsider is timely if filed within thirty days of the sentence.  La. Code Crim. P. art. 881.1.  Failure to move timely for appeal under Art. 914 rendered the conviction and sentence final at the expiration of that period. State v. Counterman, 475 So.2d 336, 338 (La. 1985).

[9]St. Rec. Vol. 2 of 2, Application for Post-Conviction Relief, 7/19/13 (dated 7/8/13).

disproportionate and excessive and imposed without articulated reasons under La. Code Crim. P. art. 894.1; (3) the state trial court imposed an excessive sentence based on the amount of cocaine; and (4) she received ineffective assistance of counsel after she entered the guilty plea and because her counsel knew of the other trial court errors and failed to raise them.

The state trial court denied relief on July 30, 2014, finding that Crawford waived any challenge to the predicate offense and to the sentence imposed when she entered the guilty plea pursuant to a plea agreement. The Court also found that Crawford's ineffective assistance of counsel claim was conclusory and failed to meet the standards set forth in *Strickland v. Washington*, 466 U.S. 668 (1984).

The Louisiana Fourth Circuit denied Crawford's subsequent writ application on October 28, 2014, finding no error in the Trial Court's ruling.[10] The Louisiana Supreme Court also denied Crawford's related writ application without stated reasons on October 2, 2015.[11] The Court later denied Crawford's request for reconsideration on November 30, 2015.[12]

## II.     Federal Habeas Petition

On December 24, 2015, the clerk of this Court filed Crawford's petition for federal habeas corpus relief in which she asserts four grounds for relief:[13] (1) at the time she entered the guilty plea to the multiple bill, her prior theft conviction was not final and still pending on appeal; (2) the

---

[10]St. Rec. Vol. 2 of 2, 4th Cir. Order, 2014-K-1130, 10/28/14; 4th Cir. Writ Application, 2014-K-1130, 10/10/14 (dated 9/3/14).

[11]*State ex rel. Crawford v. State*, 178 So.3d 584 (La. 2015); St. Rec. Vol. 2 of 2, La. S. Ct. Order, 2014-KH-2519, 10/2/15; La. S. Ct. Writ Application, 14-KH-2519, 12/3/14 (dated 11/25/14).

[12]*State ex rel. Crawford v. State*, 184 So.3d 31 (La. 2015).

[13]Rec. Doc. No. 3.

trial court failed to articulate any reasons for the excessive sentence imposed and failed to review aggravating and mitigating factors; (3) the state trial court erroneously sentenced her to an excessive sentence under La. Rev. Stat. Ann. § 15:639.1(A)(1)(b)(ii); and (4) she received ineffective assistance of counsel after the plea and because her counsel knew of the grounds supporting the other claims asserted and failed to raise them before the plea.

The State filed a response in opposition to the petition arguing that the petition was not timely filed under federal law.[14]

## III. General Standards of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214,[15] applies to this petition, which is deemed filed in this Court under the federal mailbox rule on December 15, 2015.[16] The threshold questions on habeas review under the amended statute are whether the petition is timely and whether the claim raised by the petitioner was adjudicated on the merits in state court; *i.e.*, the petitioner must have exhausted state court

---

[14] Rec. Doc. No. 10.

[15] The AEDPA comprehensively revised federal habeas corpus legislation, including 28 U.S.C. § 2254, and applied to habeas petitions filed after its effective date, April 24, 1996. *Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (citing *Lindh v. Murphy*, 521 U.S. 320 (1997)). The AEDPA, signed into law on that date, does not specify an effective date for its non-capital habeas corpus amendments. Absent legislative intent to the contrary, statutes become effective at the moment they are signed into law. *United States v. Sherrod*, 964 F.2d 1501, 1505 n.11 (5th Cir. 1992).

[16] The Fifth Circuit has recognized that a "mailbox rule" applies to pleadings, including habeas corpus petitions filed after the effective date of the AEDPA, submitted to federal courts by prisoners acting pro se. Under this rule, the date when prison officials receive the pleading from the inmate for delivery to the court is considered the time of filing for limitations purposes. *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999); *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998); *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995). The clerk of court docketed Crawford's federal habeas petition on December 24, 2015, when she paid the filing fee. Crawford signed and dated the petition December 15, 2015, which is the earliest date appearing in the record on which she could have delivered her pleadings to prison officials for mailing to a federal court. The fact that she later paid the filing fee does not alter the application of the federal mailbox rule to his pro se petition. See *Cousin v. Lensing*, 310 F.3d 843, 847 (5th Cir. 2002) (mailbox rule applies even if the filing fee is not paid at time of mailing) (citing *Spotville*, 149 F.3d at 376).

remedies and the claims must not be in "procedural default." *Nobles v. Johnson*, 127 F.3d 409, 419-20 (5th Cir. 1997) (citing 28 U.S.C. § 2254(b), (c)).

The State contends that Crawford's petition was not timely filed under federal law. The record supports this conclusion and the Court finds that Crawford's petition was not timely filed and should be dismissed for that reason.

**IV.    Statute of Limitations**

The AEDPA requires a petitioner to bring his § 2254 claim within one year of the date his conviction became final.[17] *Duncan v. Walker*, 533 U.S. 167, 176-80 (2001). As calculated above, Crawford's conviction was final under federal law on January 6, 2012, when she did not seek review of her conviction and sentence. Pursuant to § 2244, Crawford had one year from that date, or until Monday, January 7, 2013,[18] to timely file a federal habeas petition, which she did not do. Thus, literal application of the statute would bar Crawford's petition as of that date unless she is entitled to tolling as provided for under the AEDPA.

---

[17] The statute of limitations provision of the AEDPA provides for other triggers which do not apply here:
(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -
A.    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
B.    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;
C.    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
D.    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection. 28 U.S.C. § 2244(d).

[18] The one-year ended on Saturday, January 5, 2013. Under both state and federal law, the time period falls to the next business day, Monday, January 7, 2013. *See* La. Code Crim. P. art. 13; Fed. R. Civ. P. 6(a)(1)(C).

5

### A.     **Statutory Tolling**

Section 2244(d)(2) provides that the time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation. *See* 28 U.S.C. § 2244(d)(2). In order for a state post-conviction application to be considered "properly filed" within the meaning of § 2244(d)(2), the applicant must have complied with all of the State's procedural requirements, such as timeliness and place of filing. *Pace v. DiGuglielmo*, 544 U.S. 408, 413-14 (2005); *Williams v. Cain*, 217 F.3d 303, 306-08 & n.4 (5th Cir. 2000) (quoting *Smith v. Ward*, 209 F.3d 383, 384-85 (5th Cir. 2000)); *Villegas v. Johnson*, 184 F.3d 467, 468-69 (5th Cir. 1999), *reh'g denied*, 196 F.3d 1259 (5th Cir. 1999) (Table). For purposes of the AEDPA, a timeliness calculation in Louisiana requires the application of the prison mailbox rule to state pleadings. *Causey v. Cain*, 450 F.3d 601, 604-05 (5th Cir. 2006). The Court has applied this rule in presenting the procedural history recited above.

A matter is "pending" for § 2244(d)(2) purposes "as long as the ordinary state collateral review process is 'in continuance.'" *Carey v. Saffold*, 536 U.S. 214, 219-20 (2002); *Williams*, 217 F.3d at 310 (quoting *Bennett v. Artuz*, 199 F.3d 116, 120 (2d Cir. 1999)) (finding that a matter is "pending" for Section 2244(d)(2) purposes until further appellate review is unavailable under Louisiana's procedures.); *see also Melancon v. Kaylo*, 259 F.3d 401, 405 (5th Cir. 2001).

The phrase "other collateral review" in the statute refers to state court proceedings challenging the pertinent judgment subsequently challenged in the federal habeas petition. *Dillworth v. Johnson*, 215 F.3d 497, 501 (5th Cir. 2000) (finding that a state habeas petition challenging a prior conviction in one county was other collateral review even though filed as a

challenge to a second conviction in a different county); *Nara v. Frank*, 264 F.3d 310, 316 (3d Cir. 2001), *overruled on other grounds by Carey*, 536 U.S. 214 (finding that a motion to withdraw a guilty plea is "other collateral review").  A "pertinent judgment or claim" requires that the state filings for which tolling is sought must have challenged the same conviction being challenged in the federal petition and must have addressed the same substantive claims now being raised in the federal petition.  *Godfrey v. Dretke*, 396 F.3d 681, 687-88 (5th Cir. 2005).

However, requests for document and transcript copies, like those pursued by the petitioner in the state courts, are not "other collateral review" for purposes of the tolling calculation.  *Osborne v. Boone*, 176 F.3d 489, 1999 WL 203523, at *1 (10th Cir. Apr. 12, 1999) (Table, Text in Westlaw) (motion for transcript copies is not "other collateral review" for tolling purposes); *Brown v. Cain*, 112 F. Supp. 2d 585, 587 (E.D. La. 2000), *aff'd*, 239 F.3d 365 (5th Cir. 2000); *Gerrets v. Futrell*, No. 01-3080, 2002 WL 63541, at *1 (E.D. La. Jan. 16, 2002) (Vance, J.); *Jones v. Johnson*, No. 01-CV-0115-G, 2001 WL 1006062, at *3 (N.D. Tex. Aug. 13, 2001) (petitioner should file application and then continue to gather transcripts); *Grayson v. Grayson*, 185 F. Supp. 2d 747, 751-52 (E.D. Mich. Jan. 3, 2002) (delay in receipt of transcript not required to file the application, does not warrant equitable tolling).

In the instant case, Crawford's conviction became final on January 6, 2012.  The one-year AEDPA filing period began to run the next day and continued to do so uninterrupted for 365 days, or until Monday, January 7, 2013, when it expired.  Crawford had <u>no</u> properly filed state application for post-conviction or other collateral review pending during that time period.  As discussed above, her request for transcript copies did not act to toll the AEDPA filing period.  The

record therefore demonstrates that Crawford's federal petition deemed filed on December 15, 2015, was not timely filed in this Court under the AEDPA.[19]

### B. No Equitable Tolling

The post-AEDPA jurisprudence also provides for equitable tolling where rare or extraordinary circumstances may have prevented a diligent petitioner from timely pursuing federal habeas corpus. *Pace*, 544 U.S. at 418; *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999), *cert. denied*, 531 U.S. 1164 (2001); *Cantu-Tzin v. Johnson*, 162 F.3d 295, 299 (5th Cir. 1998); *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir. 1998), *cert. denied*, 526 U.S. 1074 (1999). Equitable tolling is warranted <u>only</u> in situations where the petitioner was actively misled or is prevented in some extraordinary way from asserting his rights. *Pace*, 544 U.S. at 418-19; *see Cousin v. Lensing*, 310 F.3d 843, 848 (5th Cir. 2002).

Equitable tolling has only been extended under extraordinary circumstances outside the control of the petitioner. *See Holland v. Florida*, 560 U.S. 631, 652-53 (2010) (finding that equitable tolling was warranted where attorney was more than negligent when he failed to satisfy

---

[19]Although not mentioned by petitioner or the State, the Court notes for the benefit of a reviewing court that the United States Supreme Court's holdings in *Martinez v. Ryan*, __ U.S. __, 132 S. Ct. 1309 (2012) and *Trevino v. Thaler*, __ U.S. __, 133 S. Ct. 1911 (2013), do not alter the application of the AEDPA statute of limitations or provide a basis for review of this <u>untimely</u> <u>federal</u> petition asserting ineffective assistance of counsel claims. In *Martinez*, the Court held that a <u>state imposed</u> "'<u>procedural default</u>' will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the [State's] initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.'" *Trevino*, 133 S. Ct. at 1912 (quoting *Martinez*, 132 S. Ct. at 1320) (emphasis added). The bar to review in this case arises from petitioner's failure to meet the <u>federal</u> limitations deadline under the AEDPA. The *Martinez* and *Trevino* decisions do <u>not</u> address or excuse the untimely filing of a federal habeas petition. *See*, *Arthur v. Thomas*, 739 F.3d 611, 631 (11th Cir. 2014) ("Thus, we also hold that the reasoning of the *Martinez* rule does not apply to AEDPA's limitations period in § 2254 cases or any potential tolling of that period."); *Smith v. Rogers*, No. 14-0482, 2014 WL 2972884, at * 1 (W.D. La. Jul. 2, 2014); *Falls v. Cain*, No. 13-5091, 2014 WL 2702380, at *3 (E.D. La. Jun.13, 2014) (Order adopting Report). These cases also do not constitute new rules of constitutional law made retroactive on collateral review that would start a new one-year filing period under the AEDPA. *See*, *In re Paredes*, No. 14-51160, 2014 WL 5420533, at *6 (5th Cir. Oct. 25, 2014) ("... the Supreme Court has not made either *Martinez* or *Trevino* retroactive to cases on collateral review, within the meaning of 28 U.S.C. § 2244."); *Adams v. Thaler*, 679 F.3d 312, 322 n.6 (5th Cir. 2012). For these reasons, neither *Martinez* nor *Trevino* provide petitioner a basis for relief from the failure to meet the AEDPA's limitations period.

professional standards of care by ignoring the client's requests to timely file a federal petition and in failing to communicate with the client over a period of years in spite of the client's letters); *Hardy v. Quarterman*, 577 F.3d 596, 599-600 (5th Cir. 2009) (finding that equitable tolling was warranted where petitioner suffered a significant state-created delay when, for nearly one year, the state appeals court failed in its duty under Texas law to inform him that his state habeas petition had been denied, petitioner diligently pursued federal habeas relief, and he persistently inquired to the court.); *United States v. Wynn*, 292 F.3d 226, 230 (5th Cir. 2002) (finding that tolling was warranted when defendant was deceived by attorney into believing that a timely motion to vacate was filed); *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) ("A garden variety claim of excusable neglect does not support equitable tolling.") (quotation omitted); *Fisher*, 174 F.3d at 715 (finding that tolling is not justified during petitioner's 17-day stay in psychiatric ward, during which he was confined, medicated, separated from his glasses and thus rendered legally blind, and denied meaningful access to the courts); *Cantu-Tzin*, 162 F.3d at 300 (finding that State's alleged failure to appoint competent habeas counsel did not justify tolling); *Davis*, 158 F.3d at 808 n.2 (assuming without deciding equitable tolling was warranted when federal district court three times extended the deadline to file habeas corpus petition beyond expiration of AEDPA grace period).

      Crawford has not presented, and the record does not demonstrate, any basis for extending the extraordinary remedy of equitable tolling to the § 2244(d) calculation. As mentioned by the State, Crawford may under a broad reading suggest that her federal petition should be considered timely because her attorney did not pursue a timely direct appeal after her conviction. Under Louisiana law, a guilty plea waives all non-jurisdictional defects including the right to appeal. *See State v. Crosby*, 338 So.2d 584, 586 (La. 1976); La. Code Crim. P. art. 881.2(A)(2) ("The

defendant cannot appeal or seek review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea.).  In this case, Crawford expressly waived the right to appeal at her plea hearing on December 7, 2011.[20]  She also specifically waived the right to challenge the veracity of the predicate offenses used in the multiple bill.[21]  She has not demonstrated a basis for the Court to equitably toll any period of time based on the failure to appeal her conviction or sentence.

The record simply does not contain any of the extraordinary circumstances previously recognized by the precedent cited above that would warrant equitable tolling.  The record instead reflects that petitioner did not timely pursue federal habeas review.  There is no basis for equitable tolling in this case.

Crawford's federal petition deemed filed on December 15, 2015, which was two years and eleven months after the one-year AEDPA filing period expired on January 7, 2013, is untimely filed and should be dismissed for that reason.

## V.     Recommendation

For the foregoing reasons, it is **RECOMMENDED** that Carole L. Crawford's petition for the issuance of a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 be **DISMISSED WITH PREJUDICE** as time-barred.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days**

---

[20] St. Rec. Vol. 1 of 2, Waiver of Constitutional Rights Plea of Guilty Form, 12/7/11.

[21] St. Rec. Vol. 1 of 2, Waiver of Constitutional Rights Plea of Guilty Multiple Offender Form, 12/7/11.

after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[22]

                                            New Orleans, Louisiana, this 29th day of July, 2016.

                                            **KAREN WELLS ROBY**
                                   **UNITED STATES MAGISTRATE JUDGE**

---

[22] *Douglass* referenced the previously applicable ten-day period for the filing of objections.  Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.