UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CAROLE L. CRAWFORD** | **CIVIL ACTION** |
| **VERSUS** | **NO. 15-6961** |
| **JAMES ROGERS, WARDEN** | **SECTION "G"(4)** |

## ORDER

"A COA [Certificate of Appealability] will issue only if the requirements of [28 U.S.C.] § 2253 have been satisfied."[1] Section 2253(c) permits issuance of a COA when "a petitioner has made a 'substantial showing of the denial of a constitutional right.'"[2] "Under this standard, when a district court denies habeas relief by rejecting constitutional claims on their merits, 'the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'"[3] When the district court denies the petition on procedural grounds without reaching the merits, the petitioner must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."[4]

The petitioner must demonstrate "'something more than the absence of frivolity or the existence of mere 'good faith' on his or her part.'"[5] However, a COA should not be denied "merely

---

[1] *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

[2] *Id.* (quoting 28 U.S.C. § 2253(c)).

[3] *McGowen v. Thaler*, 675 F.3d 482, 498 (5th Cir. 2012) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

[4] *Id.* (quoting *Slack*, 529 U.S. at 484).

[5] *Id.* (quoting *Miller-El*, 537 U.S. at 338).

because [the court] believes the applicant will not demonstrate an entitlement to relief."[6] In addition "any doubts as to whether a COA should be granted are resolved in the petitioner's favor,"[7] and the severity of the penalty may be a consideration in deciding whether a petitioner has made a "substantial showing."[8]

In the instant case, the petition is clearly untimely, and that determination would not engender debate among reasonable jurists. Accordingly,

**IT IS HEREBY ORDERED** that a Certificate of Appealability is **DENIED**.

**NEW ORLEANS, LOUISIANA,** this ___29th___ day of August, 2016.

_____
**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[6] *Id.* (quoting *Miller-El*, 537 U.S. at 337).

[7] *Id.*

[8] *See id.*; *Hill v. Johnson*, 2010 F.3d 481 484 (5th Cir. 2000) ("[W]e may consider the severity of his penalty in determining whether he has met his 'substantial showing' burden.").